UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                Plaintiff,

    v.

SHAWN BUZELL, et al.,

                Defendants.

CASE NO. 3:18-CV-06038-RBL-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. In the Complaint, Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights. Dkt. 6. On March 13, 2019, Defendants filed a Motion to Dismiss and a Motion to Stay Discovery. Dkt. 19, 20. Plaintiff filed a Notice of Change of Address on March 20, 2019. Dkt. 23. The Motions were re-served on Plaintiff at his new address and Plaintiff was given an extension of time, until May 28, 2019, to respond to the Motions. Dkt. 25-29. Plaintiff has not filed a response to the Motions. Plaintiff has also not taken any action in this case since March 20, 2019.

ORDER - 1

## I. Status Update

As Plaintiff has failed to respond to the Motions or take any other action in this case, the Court directs Plaintiff to: (1) provide a status update informing the Court whether he wishes to proceed with this action and (2) file a response to the Motion to Dismiss.

If Plaintiff fails to respond to this Order on or before July 26, 2019, the Court will recommend dismissal of this action. If Plaintiff files a response to the Motion to Dismiss, Defendants may file a supplemental reply on or before August 2, 2019.

## II. Stay of Discovery

Defendants filed a Motion to Stay Discovery Until Resolution of Pending Dispositive Motion. Dkt. 20. The Court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended at* 906 F.2d 465 (9th Cir. 1990); *see also Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (permitting a stay of discovery where a pending dispositive motion is (1) "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) can be decided without additional discovery). Where discovery will not affect the 12(b) decision, staying discovery ensures a defendant's motion is properly addressed and advances "the goals of efficiency for the court and litigants." *Little*, 863 F.2d at 685.

Defendants have moved for dismissal of this case pursuant to Rule 12(b). *See* Dkt. 19. The Motion to Dismiss may result in an amended complaint or dismissal of the entire action and can be decided without additional discovery. Further, the Court finds a stay would advance the

efficiency for the Court and the litigants. Therefore, Defendants' Motion to Stay Discovery (Dkt. 20) is granted. Discovery is stayed in this case until resolution of the Motion to Dismiss.

### III. Conclusion

In summation, Plaintiff is directed to file a status update and response to the Motion to Dismiss on or before July 26, 2019. If Plaintiff files a response to the Motion to Dismiss, Defendants may file a supplemental reply on or before August 2, 2019.

Defendants' Motion to Stay Discovery (Dkt. 20) is granted.

The Court directs the Clerk to re-note the Motion to Dismiss (Dkt. 19) for the Court's consideration on August 2, 2019. The Court also directs the Clerk to send a copy of the Motion to Dismiss (Dkt. 19) to Plaintiff with this Order.

Dated this 27th day of June, 2019.

_____
David W. Christel
United States Magistrate Judge