UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LARRY LLOYD,<br><br>                     Plaintiff,<br><br>   v.<br><br>SHAWN BUZELL, ROCHA PASCUAL, KEITH A HALL,<br><br>                     Defendants. | No. 3:18-CV-06038-RBL-DWC<br><br>**ORDER ON MOTIONS FOR RECONSIDERATION** |

THIS MATTER is before the Court on Petitioner Lloyd's Motions for Reconsideration of the Court's previous adoption of Magistrate Judge Christel's Report and Recommendation. Dkt. ## 38 & 39. The Magistrate Judge recommended dismissing Lloyd's case for his lengthy failure to respond to Defendants' Motion to Dismiss. *See* Dkt. # 34. Defendants moved to dismiss on March 3, 2019, after which Lloyd moved for an extension of time due to his claimed inability to access his legal files after being transferred from a detention facility in Kitsap County to one in Snohomish County. Dkt. # 24. The Magistrate Judge granted Lloyd's request and set his response date as May 28. Dkt. # 29. May 28 came and went with no response from Lloyd, after which Defendants filed a notice of Lloyd's failure to respond on May 31. Dkt. # 31. The Magistrate Judge sua sponte extended Lloyd's response time until July 26. Dkt. # 32. When Lloyd again failed to meet this deadline, the Magistrate Judge recommended dismissal on August 20. Dkt. # 34.

ORDER ON MOTIONS FOR RECONSIDERATION - 1

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*

ORDER ON MOTIONS FOR RECONSIDERATION - 2

*Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Lloyd argues that he was transported between several detention facilities in Washington and was not allowed to take his legal materials with him, preventing him from responding to Defendants' Motion. He also claims that he was released on bail from Snohomish County Jail on April 19 but that the Kitsap County Defendants continued to withhold his legal documents, which he was only able to obtain on September 10. Dkt. # 38 at 3. However, if Lloyd has been out of custody for months, he had ample time to obtain his case documents through the court's free online filing system or by going to the courthouse. Lloyd's argument justifying his unresponsiveness is therefore unpersuasive. Because his case was dismissed without prejudice, Lloyd can refile his lawsuit if he wishes and pursue it without any interference now that he has been released. The Motions are DENIED.

IT IS SO ORDERED.

DATED this 1st day of October, 2019.

Ronald B. Leighton
United States District Judge

ORDER ON MOTIONS FOR RECONSIDERATION - 3